IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Joshua Lee Phillips, | Case No.: 1:23-cv-6255-JD-SVH |
| Plaintiff, | |
| vs. | |
| | **ORDER AND OPINION** |
| Broad River Correctional Institution and Broad River Secure Facility, | |
| Defendants. | |

This matter is before the Court with the Report and Recommendation ("Report") of United States Magistrate Judge Shiva V. Hodges, made in accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) of the District of South Carolina.[1] (DE 8.) Plaintiff Joshua Lee Phillips ("Plaintiff" or "Phillips"), proceeding *pro se*, filed a "motion for separation," which has been liberally construed as a complaint. He names Broad River Correctional Institution ("BRCI") and Broad River Secure Facility ("BRSF") as defendants (collectively "Defendants"). (DE 1.) Plaintiff requests "immediate separation" from 11 employees of BRCI "because of being beaten and sexually assaulted" by the officers. (*Id.*) He further claims he has been threatened with retaliation from the same officers. He states he has been suffering from the beatings and sexual assaults for almost two years and that his life is in danger. (*Id.*)

On December 13, 2023, the Court issued orders (1) directing Plaintiff to submit the documents necessary to bring this case into proper form and (2) identifying the deficiencies in

---

[1] The recommendation has no presumptive weight, and the responsibility for making a final determination remains with the United States District Court. *See Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The court is charged with making a de novo determination of those portions of the Report and Recommendation to which specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the magistrate judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

1

Plaintiff's complaint and permitting him an opportunity to amend his complaint by January 3, 2024. (DE 4, DE 5.) Plaintiff failed to file an amended complaint or the documents needed to bring this case into proper form. More specifically, Plaintiff has failed to pay the filing fee or file a motion to proceed *in forma pauperis*, and therefore, this case is subject to summary dismissal.

The Report was issued on January 8, 2024, recommending this matter be dismissed without leave for further amendment. Plaintiff did not file an objection to the Report. In the absence of objections to the Report and Recommendation, this Court is not required to give any explanation for adopting the recommendation. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983). The Court must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005).

Accordingly, after a thorough review of the Report and Recommendation and the record in this case, the Court finds no clear error on the face of the record. Thus, the Court adopts the Report (DE 8) and incorporates it here by reference.

It is, therefore, **ORDERED** that Plaintiff's Complaint is dismissed without further leave for amendment.

**IT IS SO ORDERED**.

Joseph Dawson, III
United States District Judge

Florence, South Carolina
June 25, 2024

## NOTICE OF RIGHT TO APPEAL

Plaintiff is hereby notified of the right to appeal this order within thirty (30) days from this date, under Rules 3 and 4 of the Federal Rules of Appellate Procedure.